

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

STEPHEN F. CASS,
Plaintiff,
v.

JEANNE DOWNS, ARTHUR UNOBSKEY, LOUISE MILLER, ELLEN GRIECO, REGINA TATE, and WAYLAND SCHOOL COMMITTEE
Defendants.

CASE NO: 1:21-CV-10965-PBS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

STEPHEN F. CASS,
Plaintiff,

VS.

ROBERT IRVING, PATRICK SWANICK, SHANE BOWLES, LEISHA SIMON, REID LYONS and ELLEN GRIECO,
Defendants.

C.A. No. 1:21-CV-10966-PBS

**DEFENDANTS' PARTIAL OBJECTION TO CERTAIN DETERMINATIONS SET FORTH IN MAGISTRATE'S REPORT AND RECOMMENDATIONS**

The Defendants, Jeanne Downs, Arthur Unobskey, Louise Miller, Ellen Grieco, the Wayland School Committee, Regina Tate, Robert Irving, Patrick Swanick, Shane Bowles, Leisha Simon, Reid Lyons and Ellen Grieco (collectively, the Defendants) hereby jointly submit the instant partial objection to the Report and Recommendations on Defendants' Motions to Dismiss (the "R&R," docketed as Document 27). In particular, and for purposes of preserving rights with respect thereto in any future proceedings, the Defendants object exclusively to Section II.B of the

R&R, entitled "The Release Is Ambiguous As To The Covered Releasees And, Therefore, Raises Issues Of Fact Not Appropriately Decided On A Motion To Dismiss." See R&R, pp. 7-9[1].

As grounds, the Defendants state that, in addition to the several other bases upon which the R&R correctly relied in recommending dismissal, the parties' underlying release agreement's plain terms prohibit the Plaintiff's instant claims. For instance, as the Court noted, "[t]he Settlement Agreement identifies the Releasees as 'the Town of Wayland, Wayland Public Schools, Wayland Police Department, Paul Stein, Brad Crozier, Allyson Mizoguchi, Jamie Berger, Massachusetts Interlocal Insurance Association and Cabot Risk Strategies, LLC and its respective officials, [. . .] agents, servants, employees, [and] attorneys . . .'" Id. at pp. 8-9. While the Court underscored the Release's use of the word "its" rather than "their" in concluding that "[t]he use of the singular pronoun 'its' as opposed to the collective pronoun 'their' could be interpreted to mean that only Cabot Risk Strategies' officials, agents, servants and employees were included in the release," Id. at p. 9, the word "respective" forecloses such an interpretation. Namely, setting aside the absurd result that would follow from the Plaintiff's proffered construction[2], and as the undersigned counsel noted at the Magistrate's hearing on the parties' motions to dismiss, the word "respectively" is defined to mean "separately or individually and in the order already mentioned (used when enumerating two or more items or facts that refer back to a previous statement)." See https://www.lexico.com/en/definition/respectively; Archdiocese of Milwaukee Supporting Fund v. Invs. Fin. Servs. Corp., No. CV 05-11627-RCL, 2007 WL

---

[1] In explaining the Magistrate's conclusions regarding this issue, the R&R appropriately neglected to rely upon Mr. Cass's erroneous contention that he did not draft the Release, which he purports in asserting that any ambiguity must be construed in his favor. To the contrary, at all relevant times Mr. Cass was represented by attorneys Todd White, Esq. (who signed on Mr. Cass's behalf the Stipulation of Dismissal (Document 201) that the parties signed and filed contemporaneously with the release agreement) and Brian Cook, Esq., respectively.

[2] As Attorney Tate explained in her motion to dismiss, "[c]ontracts are construed . . . to avoid [such] absurd results. See Lawrenson v. Worcester Lunch Car & Carriage Mfg. Co., 300 Mass. 543, 551, 15 N.E.2d 978 (1938)." Sunbelt Fin. Grp., LLC v. N. Reading Hardware & Paint Supply, Inc., No. 09-0334, 2009 WL 5910530, at *3 (Mass. Super. Nov. 23, 2009).

9797807, at *3 (D. Mass. July 31, 2007) ("[E]xcerpts from a financial dictionary are appropriate for judicial notice. See Adams v. United States, 964 F. Supp. 511, 515 n. 7, 517 n.10 (D. Mass. 1996) (taking judicial notice of dictionary definitions)"). Accordingly, from the parties' use of the word "respective" it follows as a necessary corollary that they intended the remainder of the subject sentence to modify and apply to each of the multiple preceding enumerated releasees, including "the Town of Wayland, Wayland Public Schools, Wayland Police Department, Paul Stein, Brad Crozier, Allyson Mizoguchi [and] Jamie Berger."

The parties' intention in this regard also is self-evident in view of the "series qualifier principal" described in Attorney Tate's motion to dismiss, the contents of which, along with those of the other Defendants' parallel motion (i.e., Documents 6, 7 and 9), the Defendants incorporate herein by reference. See Fin. Oversight & Mgmt. Bd. for P.R. v. Andalusian Glob. Designated Activity Co. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 948 F.3d 457, 467 (1st Cir. 2020) ("When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all."), citing Paroline v. United States, 572 U.S. 434, 447 (2014)). Nor, as a practical matter, would it serve the insurer's interests appreciably to secure a release for itself alone insofar as, unless the other parties/insureds were insulated from future claims, the insurer might remain bound to cover them in any event, thereby rendering any release protection for the insurer essentially pyrrhic and meaningless.

For these reasons, and others set forth in the Defendants' motions to dismiss and at the Magistrate hearing thereon, the Defendants respectfully object to Section II.B of the R&R, and request that this Honorable Court dismiss the Plaintiff's complaints as prohibited under the parties' underlying release, in addition to those grounds recited in the R&R.

Respectfully submitted,

REGINA TATE,
By her attorney,

__/s/ Peter L. Mello__________________
Peter L. Mello (BBO# 659680)
pmello@mhtl.com
Murphy, Hesse, Toomey & Lehane LLP
300 Crown Colony Drive, Suite 400
Quincy, MA 02169
Tel. No. (617) 479-5000
Fax. No. (617) 479-6469

Respectfully Submitted,

JEANNE DOWNS, ARTHUR UNOBSKEY, LOUISE MILLER, ELLEN GRIECO, WAYLAND SCHOOL COMMITTEE, ROBERT IRVING, PATRICK SWANICK, SHANE BOWLES, LEISHA SIMON, REID LYONS, and ELLEN GRIECO

By their Attorneys,

PIERCE DAVIS & PERRITANO LLP

__/s/ Adam Simms______________________
Adam Simms, BBO #632617
asimms@piercedavis.com
10 Post Office Square, Suite 1100N
Boston, MA 02109
Tel. No. (617) 350-0950

Dated: January 24, 2022

**CERTIFICATE OF SERVICE**

*I, Peter L. Mello, HEREBY CERTIFY that this document filed through the CM/ECF system on January 24, 2022, will be sent electronically to the registered participants as identified on the NEF (NEF) and copies will be sent by both electronic and first class mail to those indicated as non-registered participants on January 24, 2022 and to the following pro se plaintiff:*

Stephen F. Cass
9 Captain Linnell Road
P.O. Box 2723
Orleans, MA 02653
stephenfcass@yahoo.com

__/s/ Peter L. Mello______________________
Peter L. Mello